UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| KAREN A., <br><br> Plaintiff, <br><br> v. <br><br> COMMISSIONER OF SOCIAL SECURITY, <br><br> Defendant. | CASE NO. 2:19-CV-1784-DWC <br><br> ORDER AFFIRMING DEFENDANT'S DECISION TO DENY BENEFITS |

Plaintiff filed this action, pursuant to 42 U.S.C. § 405(g), for judicial review of Defendant's denial of Plaintiff's applications for disability insurance benefits ("DIB") and supplemental security income ("SSI"). Pursuant to 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73 and Local Rule MJR 13, the parties have consented to have this matter heard by the undersigned Magistrate Judge. *See* Dkt. 2.

After considering the record, the Court concludes the Administrative Law Judge ("ALJ") did not err in evaluating the medical opinion evidence or in forming Plaintiff's residual functional capacity ("RFC").

FACTUAL AND PROCEDURAL HISTORY

On February 24, 2017, Plaintiff filed applications for DIB and SSI, alleging disability as of July 3, 2016. *See* Dkt. 13, Administrative Record ("AR") 25. The application was denied upon initial administrative review and on reconsideration. *See* AR 25. A hearing was held before ALJ Glenn G. Meyers on September 19, 2017. *See* AR 25. In a decision dated October 31, 2018, the ALJ determined Plaintiff to be not disabled. *See* AR 37. Plaintiff's request for review of the ALJ's decision was denied by the Appeals Council, making the ALJ's decision the final decision of the Commissioner. *See* AR 24; 20 C.F.R. § 404.981, § 416.1481.

In the Opening Brief, Plaintiff maintains the ALJ erred by improperly: (1) considering the medical opinion evidence; and (2) forming Plaintiff's RFC. Dkt. 18.

STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits if the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (citing *Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)).

DISCUSSION

**I.     Whether the ALJ properly considered the medical opinion evidence.**

Plaintiff asserts the ALJ improperly considered medical opinions from Dr. Jennifer Kim and Ms. Lorrain Chace. Dkt. 15, pp. 3-17.

A.  Dr. Kim

First, Plaintiff contends the ALJ improperly evaluated Dr. Kim's opinions. Dkt. 15, pp. 2-17. In assessing an acceptable medical source, an ALJ must provide "clear and convincing" reasons for rejecting the uncontradicted opinion of either a treating or examining physician. *Lester*

*v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995) (citing *Pitzer v. Sullivan*, 908 F.2d 502, 506 (9th Cir. 1990)); *Embrey v. Bowen*, 849 F.2d 418, 422 (9th Cir. 1988). When a treating or examining physician's opinion is contradicted, the opinion can be rejected "for specific and legitimate reasons that are supported by substantial evidence in the record." *Lester*, 81 F.3d at 830-831 (citing *Andrews v. Shalala*, 53 F.3d 1035, 1043 (9th Cir. 1995); *Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir. 1983). The ALJ can accomplish this by "setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998) (citing *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989)).

Dr. Kim, Plaintiff's treating physician since 2009, has completed multiple functional assessments of Plaintiff. *See* AR 438-443, 444-447, 557-560, 562-565. Dr. Kim also reiterated several of Plaintiff's limitations in a May 2017 joint opinion with Ms. Chace. *See* AR 449-452. Dr. Kim opined Plaintiff has chronic body aches from fibromyalgia, depression, and feels tired all the time with inability to focus. AR 438. Dr. Kim has treated Plaintiff for severe migraines and knee pain. *See* AR 496. After noting Plaintiff's diagnoses of fibromyalgia and depression, Dr. Kim opined Plaintiff would have marked limitations in her ability to stand, walk, lift, carry, handle, and push. AR 439. Dr. Kim opined Plaintiff's symptoms would likely be severe enough to interfere with the attention and concentration needed to perform even simple work-related tasks for more than 25% of the time in a typical workday. AR 452. Due to Plaintiff's impairments and/or treatment, Dr. Kim concluded Plaintiff would miss more than four days of work per month. AR 452. Dr. Kim found Plaintiff's limitations caused by her depression are severe and make her unable to walk, lift, or communicate. AR 439. Although Plaintiff need not use an assistive device to ambulate effectively, Dr. Kim concluded she may need a cane when

walking a distance greater than one block due to arthritis in her left knee. AR 564. Dr. Kim opined Plaintiff had marked impairments in understanding and memory and in her ability to interact with others and concentrate, persist, or maintain pace. AR 451. Lastly, Dr. Kim limited Plaintiff to sedentary work. AR 440.

The ALJ discussed Dr. Kim's opinions and gave them little weight, saying:

> (1) These assessments are inconsistent with the record evidence, which includes findings of limited range of motion but does not objectively support the extreme limitations assessed by Dr. Kim. As discussed above, exam findings are generally normal or nearly normal. (2) In addition, Dr. Kim's own observations include generally normal examinations, which do not support her opinions. Dr. Kim has opined that the claimant has "severe limitation in walking, standing, and caring (sic) due to generalized pain," but her examinations findings do not support these extreme limitations. (3) Moreover, Dr. Kim did not provide any basis for her assertion that the claimant would be off task more than 25 percent of each workday and miss more than four days of work per month, [and] these extreme limitations are not supported by any of her clinical observations. (4) In addition, Dr. Kim's February and May 2018 assessment limits the claimant to sitting for two hours a day and standing or walking for two hours per day, which would leave the claimant bedridden for about 20 hours per day. The objective medical evidence does not support such a condition.

AR 34-35 (citations omitted) (numbering added).

First, the ALJ discounted Dr. Kim's opinions because they are inconsistent with the record, reasoning that while the evidence includes findings of limited range of motion, there is no support for the "extreme limitations assessed by Dr. Kim." AR 34.

An ALJ need not accept an opinion which is inadequately supported "by the record as a whole." *See Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1195 (9th Cir. 2004); 20 C.F.R. §§ 404.1527(c)(3), 416.927(c)(3). Here, as the ALJ referenced in his decision, the overall record contains evidence that does not support Dr. Kim's opined limitations. *See* AR 34 (referencing AR 31-32). The ALJ referred to multiple examinations of Plaintiff with normal or nearly normal results. *See* AR 424-425, 497, 516, 519, 543, 608, 612, 615, 626. For example, in

November 2016 Plaintiff reported worsening pain and sensitivity, but a physical examination showed normal results. AR 496-497. An exam in March 2017 found tenderness to palpation and a limited range of motion due to pain, but a neurological exam was grossly normal. AR 519. Thus, because Dr. Kim's opinions are inadequately supported by the record as a whole, the ALJ's first reason for discounting the opinions was specific and legitimate and supported by substantial evidence.

Next, the ALJ similarly reasoned that Dr. Kim's opinions deserved little weight because her own observations and examinations do not support the limitations she opined to. AR 34-35. An ALJ may give less weight to a physician's opinion if the physician's clinical notes and recorded observations contradict the physician's opinion. *Bayliss*, 427 F.3d at 1216; *see Rollins v. Massanari*, 261 F.3d 853, 856 (9th Cir. 2001) (upholding the ALJ's rejection of a treating physician's opinion because it was internally inconsistent); *Melton v. Commissioner of Social Sec. Admin.*, 442 Fed.Appx. 339, 341 (9th Cir. 2011) (finding the ALJ reasonably relied on an internal inconsistency when discrediting a physician's opinion).

The ALJ concluded Dr. Kim's opinion that Plaintiff has a "severe limitation in walking, standing, and caring (sic) due to generalized pain" is largely unsupported by her observations and examinations. *See* AR 34-35 (referencing AR 31-32). For example, despite opining Plaintiff "is having difficulty in maintaining work activities" due to her chronic pain and depression, Dr. Kim noted no acute distress, no crackles or wheezes in Plaintiff's breathing, a regular heart rate with no murmur, no abdominal tenderness, and a grossly normal neurological exam. AR 442. Additionally, regarding Plaintiff's depression, Dr. Kim included in her progress notes from May 2016 that Plaintiff's "symptoms of depression have been improving" with medication, noting that "[Plaintiff] has been feeling much better with less emotional fluctuation." AR 489. *See*

*Warre v. Comm'r of the SSA*, 439 F.3d 1001, 1006 (9th Cir. 2006) ("[i]mpairments that can be controlled effectively with medication are not disabling for the purpose of determining eligibility for [disability] benefits"). Dr. Kim's examinations and observations of Plaintiff conflict with her opined limitations, showing normal or nearly normal results. *See* AR 442, 476, 480, 483, 489, 491, 493, 497, 504, 605, 608, 612, 615, 622, 626, 629. Accordingly, the ALJ's second reason for discounting Dr. Kim's opinions is specific and legitimate and supported by substantial evidence.

While the ALJ provided additional reasons to discount Dr. Kim's opinions, the Court need not consider whether these reasons contained error, as any error would be harmless because the ALJ gave specific, legitimate reasons supported by substantial evidence to discount the opinions. *See* AR 34-35; *Presley-Carrillo v. Berryhill*, 692 F. Appx. 941, 944-945 (9th Cir. 2017) (citing *Carmickle v. Comm'r of Soc. Sec. Admin.*, 533 F.3d 1155, 1162 (9th Cir. 2008) (noting that although an ALJ erred with regard to one reason he gave to discount a medical source, "this error was harmless because the ALJ gave a reason supported by the record" to discount the source). Accordingly, the Court finds the ALJ properly discounted Dr. Kim's opinions, including the limitations Dr. Kim opined to in the May 2017 joint opinion with Ms. Chace.

B. <u>Ms. Chace</u>

Plaintiff next contends the ALJ improperly discounted Ms. Chace's opinions. Dkt. 15, pp. 4-17. "Other medical source" testimony "is competent evidence that an ALJ must take into account," unless the ALJ "expressly determines to disregard such testimony and gives reasons germane to each witness for doing so." *Lewis v. Apfel*, 236 F.3d 503, 511 (9th Cir. 2001); *Turner v. Comm'r of Soc. Sec.*, 613 F.3d 1217, 1224 (9th Cir. 2010). "Further, the reasons 'germane to each witness' must be specific." *Bruce v. Astrue*, 557 F.3d 1113, 1115 (9th Cir. 2009).

Ms. Chace, a licensed mental health counselor, completed a treating source statement in March 2018. AR 580-600. Ms. Chace also reiterated several of Plaintiff's limitations in a May 2017 joint opinion with Dr. Kim. *See* AR 449-552. Ms. Chace opined Plaintiff has marked limitations in her ability to understand, remember, or apply information, interact with others, concentrate, persist, or maintain pace, adapt or manage herself, and in her short-term and long-term memory. AR 576-578. Ms. Chace concluded Plaintiff would be off task for more than 25% of the time and would miss more than 4 days of work. AR 578-579.

The ALJ discussed Ms. Chace's opinions and gave them little weight, saying:

> (1) These opinions are inconsistent with the evidence of record, discussed above, which shows that the claimant typically has intact mental status. (2) Furthermore, Ms. Chace cited the claimant's subjective reports as support for her opinions, and (3) her statement does not include examination findings or other testing that supports her functional assessment of the claimant. Instead, the attached mental status examination is essentially within normal limits and documents intact memory, average intelligence, and good social functioning.

AR 35 (citations omitted) (numbering added).

Defendant concedes the ALJ's second reason to discount Ms. Chace's opinions is not valid and the Court will not address this reason. *See* Dkt. 18, pp. 4-6. As discussed below, the Court finds the ALJ's first reason to discount Ms. Chace's opinions is germane. Thus, while the ALJ provided a third reason to discount Ms. Chace's opinions, the Court need not consider whether this reason contained error, as any error would be harmless because the ALJ gave a germane reason to discount the opinions. *See* AR 35; *Presley-Carrillo*, 692 F. Appx. at 944-945.

The ALJ first discounted Ms. Chace's opinions because they are inconsistent with the evidence of record, "which shows that [Plaintiff] typically has intact mental status." AR 35.

The ALJ is not required to give weight to an opinion that is inadequately supported by the record. *See Batson*, 359 F.3d at 1195. Here, as the ALJ referenced in his decision, the record regularly shows Plaintiff had normal cognition, intact memory, full orientation, and remained calm and cooperative during appointments. *See* AR 35 (referencing AR 32). For example, a mental status exam conducted in November 2016 showed Plaintiff was fully oriented, had normal affect and normal/euthymic mood, normal thought process, thought content, and grossly intact cognition. AR 502. Subsequent records show intact or nearly intact mental functioning. AR 32, 35 (referencing AR 507, 511, 665, 668, 699). Further, after acknowledging Plaintiff had started counseling, Dr. Kim noted "[s]he is doing better" and "is stable with current meds." AR 605-606. Thus, because Ms. Chace's opinions are not supported by the record as a whole, the ALJ's first reason for discounting Ms. Chace's opinions is germane.

Accordingly, the Court finds the ALJ properly discounted Ms. Chace's opinions, including the limitations Ms. Chace opined to in the May 2017 joint opinion with Dr. Kim.

**II.     Whether the ALJ met his burden at Step Five.**

Plaintiff alleges the ALJ erred at Step Five by failing explain why he arrived at the limitations in the RFC, and in particular, why he included in the RFC a limitation that Plaintiff would be off task for nine percent of the time and would miss work eleven times per year into the RFC. Dkt. 15, pp.17-18. In short, Plaintiff contends the ALJ deprived the Court of an adequate record to perform a meaningful review. *See id*.

The ALJ is "responsible for translating and incorporating clinical findings into a succinct [residual functional capacity]." *Rounds v Comm'r Soc. Sec. Admin.*, 807 F.3d 996, 1006 (9th Cir. 2015). Further, the ALJ is not required to include unsupported limitations in the RFC. *Stubbs-*

*Danielson v. Astrue*, 539 F.3d 1169, 1174 (9th Cir. 2008) (an ALJ's RFC assessment only needs to incorporate credible limitations supported by substantial evidence in the record).

      Here, the ALJ determined the RFC after a review of the medical records, competing medical opinions, and Plaintiff's subjective complaints. AR 30-35. The RFC included the off-task and absenteeism limitations Plaintiff referenced. *See* AR 30. As part of his review of the evidence, the ALJ stated Plaintiff's intact mental functioning, psychiatric records, improvement with medication and improvement with treatment showed Plaintiff had nearly intact mental functioning and normal focus and concentration. AR 31-33. The ALJ also found the limitations caused by Plaintiff's symptoms "did not prevent [her] from engaging in activities within the [RFC] for a normal workday and workweek." AR 34. Thus, the ALJ provided the court an adequate record for review which included discussion about the need for off-task and absenteeism limitations.

      Plaintiff has also not shown that any additional limitations are supported by substantial evidence in the record. *See* Section I, *supra*. Therefore, Plaintiff's argument fails. The Court finds the RFC assessment and the hypothetical question posed to the vocational expert ("VE") were properly based on the credible functional limitations contained in the record, and thus both the RFC assessment and the hypothetical question posed to the VE were proper. *See Greger v. Barnhart*, 464 F.3d 968, 973 (9th Cir. 2006) (the ALJ "is free to accept or reject restrictions in a hypothetical question that are not supported by substantial evidence"). Accordingly, the ALJ did not err at Step Five.

## CONCLUSION

Based on the foregoing reasons, the Court hereby finds the ALJ properly concluded Plaintiff was not disabled. Accordingly, Defendant's decision to deny benefits is affirmed and this case is dismissed with prejudice.

Dated this 27th day of May, 2020.

David W. Christel
United States Magistrate Judge